UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————— x

AFSHIN GALESTAN, Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiff,

    vs.

ONEMAIN HOLDINGS, INC., JAY N.
LEVINE and SCOTT T. PARKER,

                    Defendants.

———————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:17-cv-01016-VM

CLASS ACTION

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................................1

II.     SUMMARY OF THE ACTION ....................................................................3

III.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED ..................4

        A.      Terms of the Settlement ....................................................................4

        B.      The Standards for Reviewing a Proposed Settlement for Preliminary
                Approval ...........................................................................................5

        C.      Preliminary Approval of the Settlement Should Be Granted....................7

                1.      Plaintiff and His Counsel Have Adequately Represented the Class............7

                2.      The Proposed Settlement Was Negotiated At Arms-Length ......................8

                3.      The Proposed Settlement Is Adequate In Light of the Costs, Risks,
                        and Delay of Trial and Appeal....................................................8

                4.      The Proposed Method for Distributing Relief Is Effective......................10

                5.      Attorneys' Fees ...................................................................11

                6.      The Parties Have No Side Agreements Besides Opt-Outs ......................11

                7.      Class Members Are Treated Equitably ......................................11

        D.      The *Grinnell* Factors Are Also Met ....................................................12

                1.      The Complexity, Expense, and Likely Duration of the Litigation
                        Supports Approval of the Settlement........................................12

                2.      The Reaction of the Class to the Settlement .............................13

                3.      The Stage of the Proceedings................................................13

                4.      The Risk of Establishing Liability and Damages .....................14

                5.      The Risks of Maintaining the Class Action Through Trial.....................14

                6.      The Ability of Defendants to Withstand a Greater Judgment...................14

                7.      The Reasonableness of the Settlement in Light of the Best Possible
                        Recovery and the Attendant Risks of Litigation........................15

- i -

**Page**

IV.     THE PROPOSED FORM AND METHOD OF CLASS NOTICE AND THE
        FORM OF THE PROOF OF CLAIM ARE APPROPRIATE..........................................16

        A.      The Scope of the Notice Program Is Adequate......................................................16

        B.      The Proposed Form of Notice Comports with the Requirements of Due
                Process, the PSLRA, and Rule 23, and Is the Same or Similar to the
                Form(s) of Notice Routinely Approved by Courts in This Jurisdiction ...............18

V.      CERTIFICATION OF THE CLASS IS APPROPRIATE ................................................19

VI.     PROPOSED SCHEDULE OF SETTLEMENT EVENTS ..............................................21

VII.    CONCLUSION.............................................................................................................21

# TABLE OF AUTHORITIES

## CASES

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   222 F.3d 52 (2d Cir. 2000)............................................................................20

*Billhofer v. Flamel Techs., S.A.*,
   281 F.R.D. 150 (S.D.N.Y. 2012) ..................................................................20

*Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*,
   310 F.R.D. 69 (S.D.N.Y. 2015) ....................................................................20

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001)............................................................................14

*Deangelis v. Corzine*,
   151 F. Supp. 3d 356 (S.D.N.Y. 2015)..............................................................6

*Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974)................................................................7, 12, 14

*Dover v. British Airways, PLC (UK)*,
   No. 12 CV 5567 (RJD), 2018 U.S. Dist. LEXIS 174513
   (E.D.N.Y. Oct. 9, 2018) ..............................................................................6, 8

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005)..................................................................14

*Hicks v. Morgan Stanley*,
   No. 01 Civ. 10071 (RJH), 2005 WL 2757792
   (S.D.N.Y. Oct. 24, 2005) ..............................................................................12

*In re "Agent Orange" Prod. Liab. Litig.*,
   597 F. Supp. 740 (E.D.N.Y. 1984),
   *aff'd*, 818 F.2d 145 (2d Cir. 1987)...............................................................15

*In re Alloy, Inc., Sec. Litig.*,
   No. 03 Civ. 1597 (WHP), 2004 WL 2750089
   (S.D.N.Y. Dec. 2, 2004).................................................................................12

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
   MDL No. 1500, 2006 WL 903236
   (S.D.N.Y. Apr. 6, 2006)...........................................................................12, 15

- iii -

**Page**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
    281 F.R.D. 134 (S.D.N.Y. 2012) ........................................................20

*In re BHP Billiton Limited Sec. Litig.*,
    No. 1:16-cv-01445-NRB, slip op. (S.D.N.Y. Apr. 10, 2019) .................11

*In re Genworth Fin., Inc. Sec. Litig.*,
    No. 1:14-cv-02392-AKH, slip op. (S.D.N.Y. Nov. 16, 2017) ................11

*In re Gilat Satellite Networks, Ltd.*,
    No. CV-02-1510 (CPS), 2007 U.S. Dist. LEXIS 29062
    (E.D.N.Y. Apr. 19, 2007).....................................................................17

*In re Global Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ..................................................14, 15

*In re Indep. Energy Holdings PLC Sec. Litig.*,
    No. 00 Civ. 6689 (SAS), 2003 WL 22244676
    (S.D.N.Y. Sept. 29, 2003)....................................................................15

*In re Luxottica Grp. S.p.A., Sec. Litig.*,
    No. CV 01-3285 (JBW)(MDG), 2005 WL 3046686
    (E.D.N.Y. Nov. 15, 2005).....................................................................17

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
    No. 02 MDL 1484 (JFK), 2007 WL 313474
    (S.D.N.Y. Feb. 1, 2007).......................................................................16

*In re Prudential Sec. Ltd. P'ships Litig.*,
    164 F.R.D. 362 (S.D.N.Y. 1996),
    *aff'd sub nom. Toland v. Prudential Sec. P'ship Litig.*,
    107 F.3d 3 (2d Cir. 1996)......................................................................17

*In re Stock Exchs. Options Trading Antitrust Litig.*,
    No. 99 Civ. 0962 (RCC), 2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006) ..................18

*In re Vitamin C Antitrust Litig.*,
    No. 06-MD-1738 (BMC) (JO), 2012 WL 5289514
    (E.D.N.Y. Oct. 23, 2012).....................................................................15

*In re Vivendi Universal, S.A. Sec. Litig.*,
    242 F.R.D. 76 (S.D.N.Y. 2007) ...........................................................20

- iv -

Page

*N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*,
   No. 08 Civ. 5310 (DAB), 2019 U.S. Dist. LEXIS 39807
   (S.D.N.Y. Mar. 8, 2019) .................................................................................8

*Newman v. Stein*,
   464 F.2d 689 (2d Cir. 1972)...........................................................................15

*Weinberger v. Kendrick*,
   698 F.2d 61 (2d Cir. 1982).............................................................................18

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78j(b)..............................................................................................................3
   §78t(a)..............................................................................................................3
   §78u-4 .................................................................................................2, 18, 19
   §78u-4(a)(4) ....................................................................................................11
   §78u-4(a)(7) ........................................................................................2, 17, 18
   §78u-4(a)(7)(A)-(F) ........................................................................................19

28 U.S.C.
   §1715...............................................................................................................17

Federal Rules of Civil Procedure
   Rule 12(b)(6)....................................................................................................3
   Rule 23 ................................................................................................2, 17, 18
   Rule 23(a)........................................................................................................19
   Rule 23(b)(3)............................................................................................19, 20
   Rule 23(e)....................................................................................................5, 19
   Rule 23(e)(1) ....................................................................................................6
   Rule 23(e)(2) ...........................................................................................6, 7, 12
   Rule 23(e)(2)(A) ..............................................................................................7
   Rule 23(e)(2)(C)(i).............................................................................8, 12, 14
   Rule 23(e)(2)(C)(ii).........................................................................................10
   Rule 23(e)(2)(C)(iii)........................................................................................11
   Rule 23(e)(2)(C)(iv)........................................................................................11
   Rule 23(e)(2)(D) .............................................................................................11
   Rule 23(e)(3)....................................................................................................6

- v -

Lead plaintiff Afshin Galestan ("Plaintiff") respectfully submits this memorandum of law in support of his motion for: (i) preliminary approval of the proposed Settlement between Plaintiff, on behalf of the Class, as defined below, and defendants OneMain Holdings, Inc. ("OneMain" or the "Company"), Jay N. Levine and Scott T. Parker (collectively, "Defendants"); (ii) approval of the form and manner of the settlement notice to Class Members; (iii) certification of the Class for settlement purposes; and (iv) the scheduling of a hearing ("Settlement Hearing") on final approval of the Settlement and related matters.  The requested relief is embodied in the Settling Parties' agreed-upon form of [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") and exhibits thereto.

## I.    INTRODUCTION

Plaintiff, on behalf of the Class, and Defendants (together, the "Settling Parties") have reached an agreement to resolve this securities class action for $9,000,000.00 (the "Settlement Amount").  The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement ("Stipulation"), filed simultaneously herewith.[1]

The parties reached this Settlement after two years of hard-fought litigation and extensive negotiations.  By the time the Settlement was reached, Plaintiff was fully informed about the strengths and weaknesses of his case.  Indeed, this result was possible only after an extensive factual investigation, which included interviewing the former OneMain employees described in Plaintiff's Amended Complaint (the "Complaint") and other former OneMain employees, the filing of the Complaint, the adjudication of Defendants' motion to dismiss, engagement of an expert on issues such as loss causation and damages, and the involvement of a well-respected mediator.

---

[1]    Unless otherwise stated or defined, all capitalized terms used herein shall have the meanings provided in the Stipulation.

- 1 -

Plaintiff and Lead Counsel, based on their experience, evaluation of the facts and applicable law, their recognition of the Settlement Amount, and the risk and expense of continued litigation, submit that the proposed Settlement is fair, reasonable and adequate.  The Settlement constitutes a very good result and is in the best interests of the Class.

Accordingly, Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement so that notice may be provided to the Class.  Plaintiff requests that this Court enter the Settling Parties' agreed-upon Preliminary Approval Order, submitted herewith as Exhibit A to the Stipulation, which among other things, will:

1.      Preliminarily approve the Settlement on the terms set forth in the Stipulation;

2.      Approve the form and content of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Summary Notice attached as Exhibits A-1 and A-3 to the Stipulation, respectively;

3.      Find that the procedures for distribution of the Notice and publication of the Summary Notice in the manner and form set forth in the Preliminary Approval Order constitute the best notice practicable under the circumstances, and comply with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and

4.      Set a schedule and procedures for:  disseminating the Notice and publication of the Summary Notice; requesting exclusion from the Class; objecting to the Settlement, the Plan of Allocation or Lead Counsel's application for attorneys' fees and expenses; submitting papers in support of final approval of the Settlement; and the Settlement Hearing.

1554453_2

## II.    SUMMARY OF THE ACTION

The initial complaint in this case, entitled *Galestan v. OneMain Holdings, Inc., et al.*, Civil Action No. 1:17-cv-01016-VM, was filed by Plaintiff in the United States District Court for the Southern District of New York (the "Court") on February 10, 2017.  After no OneMain shareholders other than Plaintiff moved to be appointed as lead plaintiff, on March 23, 2017, the Court appointed Plaintiff as lead plaintiff.

On June 13, 2017, the Complaint was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934.  The named defendants in the Complaint are Defendants.

Consistent with the Court's Individual Practices, after Plaintiff filed the Complaint, Defendants sent Plaintiff a letter on August 23, 2017, arguing the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff responded by letter on September 18, 2017, explaining that the Complaint stated actionable claims for each statement challenged therein.  Defendants provided this correspondence to the Court on September 29, 2017, along with a letter setting forth Defendants' arguments in reply.

On December 12, 2018, the Court denied Defendants' motion to dismiss.  On December 21, 2018, the parties submitted a Stipulation and Proposed Order setting a schedule for Defendants' anticipated motion for limited reconsideration of the Court's order denying Defendants' motion to dismiss, which the Court entered the same day.  By letter dated January 3, 2019, Defendants argued the Court erred in finding certain statements actionable, and Plaintiff responded to Defendants' arguments by letter dated January 7, 2019.  On January 28, 2019, Defendants filed an answer to the Complaint and asserted defenses thereto.

In the course of the Litigation, and while Defendants' motion for reconsideration was *sub judice*, the parties engaged the services of Jed D. Melnick, Esq., a nationally recognized mediator.

- 3 -

Before the mediation, the parties exchanged detailed mediation statements.  A mediation session with Mr. Melnick was held on March 20, 2019, which culminated with the parties agreeing to settle the Action for $9 million subject to the negotiation of the terms of a Stipulation and approval by the Court.

On or about March 21, 2019, Plaintiff informed the Court that the parties had reached an agreement in principle to settle the Action, subject to final documentation of the Settlement's terms. The parties are pleased to present the Stipulation, dated as of April 22, 2019, to the Court for preliminary approval.

## III.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED

### A.   Terms of the Settlement

The Settlement set forth in the Stipulation resolves the claims of the Class against Defendants.  The Stipulation provides that OneMain and/or OneMain's insurers, on behalf of all Defendants, will pay or cause to be paid $9 million in cash ("Settlement Amount"), inclusive of attorneys' fees and costs.  Within 14 days of the entry of the Preliminary Approval Order, OneMain and/or OneMain's insurers will wire transfer the entire $9 million Settlement Amount to the Escrow Agent.  Stipulation, ¶2.1.

The recovery to individual Class Members will be determined pursuant to the Plan of Allocation and will depend on several variables, including: the aggregate value of the Recognized Claims represented by valid and acceptable Proof of Claim and Release forms ("Proof of Claim"); when the Class Member's shares were purchased or acquired and the price at the time of purchase; any principal amounts received by the Class Member; whether the shares were sold, and if so, when they were sold and for how much. *See* Stipulation, Ex. A-1 at 25-28.

- 4 -

The Notice explains the terms of the Settlement, including that the Net Settlement Fund will be distributed to eligible Class Members who submit valid and timely Proofs of Claim pursuant to the proposed Plan of Allocation included in the Notice and subject to this Court's approval; there will be no reversion to Defendants. *See generally* Stipulation, Ex. A-1. The Notice also advises Class Members of, among other information: (i) Lead Counsel's application for attorneys' fees and expenses; (ii) the procedures for objecting to the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses; and (iii) the date, time and location of the Settlement Hearing. *See id.*

If the Court grants preliminary approval, the Claims Administrator will mail the Notice and Proof of Claim (Exhibits A-1 and A-2 to the Stipulation) to Class Members who can be identified with reasonable effort. Additionally, the Claims Administrator will cause the Summary Notice (Exhibit A-3 to the Stipulation) to be published once in *The Wall Street Journal* and once over a national newswire service. *See* Stipulation, Ex. A, ¶11.

The proposed Settlement is a very good result for the Class. It provides a significant recovery in a case where Plaintiff was in a strong position to judge the strengths and weaknesses of his case. Indeed, the $9 million recovery is certainly within the range of what would be determined to be fair, reasonable, and adequate.

### B.     The Standards for Reviewing a Proposed Settlement for Preliminary Approval

Federal Rule of Civil Procedure 23(e) requires judicial approval for a settlement of claims brought as a class action. Fed. R. Civ. P. 23(e) ("The claims . . . of a certified class – or a class proposed to be certified for purposes of settlement – may be settled . . . only with the court's approval."). The approval process typically takes place in two stages. In the first stage, a court provides preliminary approval of the settlement, pending a final settlement hearing, certifies the class

- 5 -

for settlement purposes, and authorizes notice of the settlement to be given to the class.  *See*
*Deangelis v. Corzine*, 151 F. Supp. 3d 356, 357 (S.D.N.Y. 2015) (Marrero, J.).  This is what Plaintiff
is presenting with this motion.  In the second stage, which will come only if the Court grants this
motion, "the court holds a fairness hearing to 'determine whether the settlement's terms are fair,
adequate, and reasonable . . .'"  *Dover v. British Airways, PLC (UK)*, No. 12 CV 5567 (RJD), 2018
U.S. Dist. LEXIS 174513, at *8 (E.D.N.Y. Oct. 9, 2018) (citation omitted).

Pursuant to Rule 23(e)(1), as recently amended, the issue at preliminary approval is whether
the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the
class for purposes of judgment on the proposal."  Rule 23(e)(2) provides:

> (2)      ***Approval of the Proposal***.  If the proposal would bind class members, the
> court may approve it only after a hearing and only on finding that it is fair,
> reasonable, and adequate after considering whether:
>
> > (A)      the class representatives and class counsel have adequately
> > represented the class;
> >
> > (B)      the proposal was negotiated at arm's length;
> >
> > (C)      the relief provided for the class is adequate, taking into
> > account:
> >
> > > (i)      the costs, risks, and delay of trial and appeal;
> > >
> > > (ii)      the effectiveness of any proposed method of
> > > distributing relief to the class, including the method of processing class-member
> > > claims;
> > >
> > > (iii)      the terms of any proposed award of attorney's fees,
> > > including timing of payment; and
> > >
> > > (iv)      any agreement required to be identified under Rule
> > > 23(e)(3); and
> >
> > (D)      the proposal treats class members equitably relative to each
> > other.

- 6 -

Overlapping with the factors listed in Rule 23(e)(2) are the nine factors identified by the Second

Circuit that district courts should consider in deciding whether to grant final approval of a class

action settlement:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of
> the class to the settlement; (3) the stage of the proceedings and the amount of
> discovery completed; (4) the risks of establishing liability; (5) the risks of
> establishing damages; (6) the risks of maintaining the class action through the trial;
> (7) the ability of the defendants to withstand a greater judgment; (8) the range of
> reasonableness of the settlement fund in light of the best possible recovery; [and]
> (9) the range of reasonableness of the settlement fund to a possible recovery in light
> of all the attendant risks of litigation.

*Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).  As discussed below, the proposed

Settlement for $9 million in cash easily satisfies each of the factors identified under Rule 23(e)(2), as

well as each of the Second Circuit's *Grinnell* factors, such that the standard of certification of a class

for settlement purposes is met and that Notice of the proposed Settlement should be sent to the Class

in advance of a final Settlement Hearing.

### C.      Preliminary Approval of the Settlement Should Be Granted

As explained below, Plaintiff has met all of the requirements imposed by Rule 23(e)(2) and,

for this reason, respectfully requests that the Court grant preliminary approval.

#### 1.      Plaintiff and His Counsel Have Adequately Represented the Class

Plaintiff and his counsel have adequately represented the Class as required by Rule

23(e)(2)(A) by diligently prosecuting this Action on his behalf, including, among other things,

investigating the relevant factual events, drafting the operative complaint, opposing Defendants'

motion to dismiss, and engaging in a full-day mediation session with the mediator.  Moreover, Lead

Counsel have achieved a remarkable Settlement of $9 million which will provide significant relief to

the Class.

### 2.      The Proposed Settlement Was Negotiated At Arm's Length

There can be no question that the Settlement is the result of arm's-length negotiation in which there is no hint of collusion.  As discussed above, Plaintiff filed a detailed amended complaint and opposed Defendants' vigorous attempt to dismiss this Litigation.  At no point did Defendants concede that a single aspect of Plaintiff's claims was meritorious, and, in fact, sought reconsideration to cut down the relevant Class Period.  In addition, the parties and certain of OneMain's insurance carriers negotiated the Settlement before an experienced mediator.  The mediation process provides compelling evidence that the Settlement is not the product of collusion between the parties.  *See Dover*, 2018 U.S. Dist. LEXIS 174513, at *10-*11 (the parties' participation in mediation is evidence of arm's-length negotiations); *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, No. 08 Civ. 5310 (DAB), 2019 U.S. Dist. LEXIS 39807, at *6, *13-*14 (S.D.N.Y. Mar. 8, 2019) (same).  In fact, when the parties could not reach a compromise, the mediator proposed a settlement that was ultimately accepted by all parties.  Thus, Plaintiff has established that the Settlement was negotiated at arm's length.

### 3.      The Proposed Settlement Is Adequate In Light of the Costs, Risks, and Delay of Trial and Appeal

In assessing the Settlement, the Court should balance the benefits afforded to the Class – including the immediacy and certainty of a recovery – against the significant costs, risks and delay of proceeding with this Litigation.  *See* Rule 23(e)(2)(C)(i).  Indeed, securities class actions present numerous hurdles to proving liability that are difficult for plaintiffs to meet.  Although Plaintiff and Lead Counsel believe that the claims asserted in the Action are meritorious, continued litigation against Defendants posed substantial risks that made any recovery uncertain.  From the outset, Lead Counsel and Plaintiff appreciated the unique and significant risks inherent in this Litigation.

- 8 -

Further, in order to prove his case at trial, Plaintiff would need to rely extensively on several expert witnesses for analysis of key issues in the Action. Each expert's testimony would be critical to demonstrating the validity of Plaintiff's claims to the jury, as well as loss causation and damages, and the conclusions of each expert would be hotly contested at trial. Thus, Plaintiff's case was particularly susceptible to a danger inherent in reliance on expert witness testimony, namely that the experts will be subject to a *Daubert* challenge. If, for some reason, the Court determined that even one of Plaintiff's experts should be excluded from testifying at trial, Plaintiff's case would become much more difficult to prove.

While Plaintiff believes his claims would be borne out by the evidence presented at trial, Plaintiff recognizes that there are significant hurdles to proving liability or even proceeding to trial. OneMain has articulated defenses to the Complaint that the Court may have accepted at summary judgment or a jury may have accepted at trial. Among other things, OneMain has strenuously contended that Plaintiff would be unable to prove that Defendants made any false statements with scienter, under a theory of corporate scienter or otherwise. Indeed, OneMain maintains that it accurately disclosed all material information about the integration. OneMain also maintains that it lacks scienter because its senior executives did not receive undisclosed information contradictory to the alleged misstatements and had been disclosing granular metrics that disclosed what Plaintiff claims was being withheld from the Company's investors. If Defendants prevailed on any one of these grounds, the entire case would be lost.

Plaintiff also faced risks in establishing loss causation and damages at trial. OneMain would have argued that Plaintiff's damages methodology is inherently unreliable and does not account for disaggregation. Defendants further would have argued that damages, if any, are zero or, at best, significantly less than Plaintiff had estimated. As with contested liability issues, issues relating to

- 9 -

loss causation and damages would have likely come down to an unpredictable and hotly disputed "battle of the experts."

Accordingly, in the absence of a settlement, there was a very real risk that the Class would have recovered an amount significantly less than the total Settlement Amount – or nothing at all. Thus, the $9 million recovery now, particularly when viewed in the context of the risks, costs, delay, and the uncertainties of further proceedings, weighs in favor of preliminary approval of the Settlement.

### 4.    The Proposed Method for Distributing Relief Is Effective

As demonstrated below, the method and effectiveness of the proposed notice and claims administration process (Rule 23(e)(2)(C)(ii)) are effective. The notice plan includes direct mail notice to all those who can be identified with reasonable effort supplemented by the publication of the Summary Notice in *The Wall Street Journal* and over a national newswire service.  In addition, a settlement-specific website will be created where settlement-related and other key documents will be posted, including the Stipulation, Notice, Proof of Claim and Preliminary Approval Order.

The claims process is also effective and includes a standard claim form which requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation. The Plan of Allocation will govern how Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants.  The Plan of Allocation was prepared with the assistance of a damages consultant and is based primarily on an analysis estimating the amount of artificial inflation in the price of OneMain common stock during the Class Period.  Thus, Plaintiff proposes a thorough and comprehensive claims administration process.

- 10 -

### 5.      Attorneys' Fees

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment."  As stated in the Notice, Lead Counsel intend to seek an award of attorneys' fees in an amount up to 30% of the Settlement Amount and expenses in an amount not to exceed $100,000, plus interest on both amounts.  This fee request is in line with other settlements approved in recent cases in this District.  *See, e.g.*, *In re BHP Billiton Limited Sec. Litig.*, No. 1:16-cv-01445-NRB, slip op. (S.D.N.Y. Apr. 10, 2019) (awarding 30% of $50 million recovery, plus expenses); *In re Genworth Fin., Inc. Sec. Litig.*, No. 1:14-cv-02392-AKH, slip op. (S.D.N.Y. Nov. 16, 2017) (awarding 30% of $20 million recovery, plus expenses).  The Stipulation provides that any attorneys' fees and expenses awarded by the Court shall be paid to Lead Counsel when the Court executes the Judgment and an order awarding such fees and expenses.  Stipulation, ¶6.2.  Further, as explained in the Notice, Plaintiff intends to request an amount not to exceed $5,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class.

### 6.      The Parties Have No Side Agreements Besides Opt-Outs

Rule 23(e)(2)(C)(iv) requires the disclosure of any side agreement.  The parties have entered into a standard supplemental agreement which provides that in the event Class Members with a certain aggregate amount of Recognized Claims opt out of the Settlement, OneMain shall have the option to terminate the Stipulation.

### 7.      Class Members Are Treated Equitably

The final factor, Rule 23(e)(2)(D), looks at whether Class Members are treated equitably.  As reflected in the Plan of Allocation set forth in the Notice (Ex. A-1), the Settlement treats Class Members equitably relative to each other, based on the timing of their OneMain common stock

- 11 -

purchases, acquisitions and sales, and by providing that each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund based on their recognized losses.

\*       \*       \*

Each factor identified under Rule 23(e)(2) is satisfied.  Given the litigation risks involved, the complexity of the underlying issues and the skill of defense counsel, the $9 million recovery is remarkable.  It could not have been achieved without the full commitment by Plaintiff and his counsel.  Thus, Plaintiff and Lead Counsel respectfully submit that the Settlement is both fair and adequate, and that it meets each of the Rule 23(e)(2) factors such that notice of the Settlement should be sent to the Class.

### D.      The *Grinnell* Factors Are Also Met

#### 1.       The Complexity, Expense, and Likely Duration of the Litigation Supports Approval of the Settlement

The first factor of the *Grinnell* analysis is the complexity, expense, and likely duration of the litigation, which also bears on the Rule 23(e)(2)(C)(i) factor of "the costs, risks, and delay of trial and appeal."  These are critical factors in evaluating the reasonableness of a settlement, especially where the settlement being evaluated is a securities class action.  *See, e.g.*, *Hicks v. Morgan Stanley*, No. 01 Civ. 10071 (RJH), 2005 WL 2757792, at \*2 (S.D.N.Y. Oct. 24, 2005); *In re Alloy, Inc., Sec. Litig.*, No. 03 Civ. 1597 (WHP), 2004 WL 2750089, at \*2 (S.D.N.Y. Dec. 2, 2004) (approving settlement and noting that the action involved complex securities issues "that were likely to be litigated aggressively, at substantial expense to all parties"); *see also In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2006 WL 903236, at \*8 (S.D.N.Y. Apr. 6, 2006) (due to their "notorious complexity," securities class actions often settle to "circumvent[] the difficulty and uncertainty inherent in long, costly trials").

- 12 -

This case is a testament to the complexity, expense and duration of securities class actions. Plaintiff advanced numerous complex legal and factual issues under the federal securities laws. Plaintiff alleges that OneMain, which originates personal loans, misrepresented and omitted facts about, *inter alia*, a decline in productivity and an increase in delinquencies following its acquisition of a larger competitor, which is an inherently complicated issue. Assuming that Plaintiff prevailed at class certification and summary judgment, the eventual trial would have lasted several weeks and been very complicated for jurors, in addition to being very expensive for the Class. An appeal would undoubtedly have followed, likely taking years to complete and incurring additional expense for the Class, regardless of the outcome. Accordingly, this factor weighs strongly in favor of preliminary approval of the proposed Settlement.

### 2.     The Reaction of the Class to the Settlement

Plaintiff has participated throughout the prosecution of the case and was actively involved in the decision to enter into the Settlement. Notice regarding the Settlement has not yet been mailed or otherwise distributed. In the event any objections are received after notice is disseminated, they will be addressed by Lead Counsel in connection with Plaintiff's motion for final approval of the Settlement and in their reply in further support thereof.

### 3.     The Stage of the Proceedings

The volume and substance of Plaintiff's and Lead Counsel's knowledge of the merits and potential weaknesses of the claims alleged are certainly adequate to support the Settlement. This knowledge is based on the extensive investigation undertaken by Lead Counsel in preparing the Complaint, which included speaking with numerous former employees of OneMain and reviewing the Company's SEC filings and public statements. The resultant accumulation of information permitted Plaintiff and Lead Counsel to intelligently weigh the strengths and weaknesses of their

- 13 -

case and to engage in effective settlement discussions with Defendants.  *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("Formal discovery is not a prerequisite; the question is whether the parties had adequate information about their claims.").  This factor strongly supports preliminary approval of the Settlement.

### 4.      The Risk of Establishing Liability and Damages

The fourth *Grinnell* factor also bears on the Rule 23(e)(2)(C)(i) factor of the "costs, risks, and delay of trial and appeal."  Indeed, in assessing the Settlement, the Court should balance the benefits afforded the Class, including the immediacy and certainty of a significant recovery, against the risk of trial.  *See Grinnell*, 495 F.2d at 463.  For the same reasons explained above why Plaintiff has satisfied the Rule 23(e)(2)(C)(i) factor, Plaintiff has satisfied the fourth *Grinnell* factor.

### 5.      The Risks of Maintaining the Class Action Through Trial

Here, Defendants filed a motion for reconsideration that was pending at the time the parties reached the Settlement.  Neither class certification motion practice nor discovery had commenced by the time of settlement.  Thus, the Class had not been certified, which presented another risk to Plaintiff and the proposed Class.  In fact, even assuming class certification was achieved, the Court could have revisited certification at any time – presenting a continuous risk that this case, or particular claims, might not be maintained on a class-wide basis through trial.  *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) ("the risk that the case might be not certified is not illusory").  Thus, this factor weighs in favor of preliminary approval of the Settlement.

### 6.      The Ability of Defendants to Withstand a Greater Judgment

A court may also consider a defendant's ability to withstand a judgment greater than that secured by settlement, although it is not generally one of the determining factors.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001).  Courts generally do not find the ability of a

- 14 -

defendant to withstand a greater judgment to be an impediment to settlement when the other factors favor the settlement, and, in fact, the ability of defendants to pay more money does not render a settlement unreasonable. *See In re Vitamin C Antitrust Litig.*, No. 06-MD-1738 (BMC) (JO), 2012 WL 5289514, at *6 (E.D.N.Y. Oct. 23, 2012) (acknowledging that "'in any class action against a large corporation, the defendant entity is likely to be able to withstand a more substantial judgment, and . . . this fact alone does not undermine the reasonableness of the instant settlement'") (citation omitted).

### 7.   The Reasonableness of the Settlement in Light of the Best Possible Recovery and the Attendant Risks of Litigation

The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987). The Court need only determine whether the Settlement falls within a "range of reasonableness" – a range which "recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *see also Global Crossing*, 225 F.R.D. at 461 (noting that "the certainty of [a] settlement amount has to be judged in [the] context of the legal and practical obstacles to obtaining a large recovery"); *In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689 (SAS), 2003 WL 22244676, at *3-*4 (S.D.N.Y. Sept. 29, 2003) (noting few cases tried before a jury result in full amount of damages claimed).

In addition, in considering the reasonableness of the Settlement, the Court should consider that the Settlement provides for payment to the Class now, rather than a speculative payment years down the road. *See AOL Time Warner*, 2006 WL 903236, at *13 (where settlement fund is in escrow earning interest, "the benefit of the Settlement will . . . be realized far earlier than a

- 15 -

1554453_2

hypothetical post-trial recovery"). Nevertheless, the Settlement here represents a good result under the circumstances – approximately 9.7% of estimated recoverable damages of approximately $92.6 million consistent with Plaintiff's currently proposed plan of allocation.

Given both the risks at trial and the recognition that not all Class Members will seek recovery, the size of the recovery strongly supports preliminary approval. Accordingly, this factor weighs in favor of the Court granting preliminary approval.

## IV. THE PROPOSED FORM AND METHOD OF CLASS NOTICE AND THE FORM OF THE PROOF OF CLAIM ARE APPROPRIATE

### A. The Scope of the Notice Program Is Adequate

There are no "rigid rules" that apply when determining the adequacy of notice for a class action settlement. Rather, when measuring the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules, the court should look to its reasonableness. *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 313474, at *8 (S.D.N.Y. Feb. 1, 2007). It is clearly established that "[n]otice need not be perfect, but need be only the best notice practicable under the circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members." *Id*.

As outlined in the agreed-upon form of the proposed Preliminary Approval Order (Exhibit A to the Stipulation), the Claims Administrator will notify Class Members of the Settlement by mailing the Notice and Proof of Claim to all Class Members who can be identified with reasonable effort. In addition to mailing the Notice and Proof of Claim, the Claims Administrator will provide for the publication of a Summary Notice in the national edition of *The Wall Street Journal* and once over a national newswire service. Stipulation, Ex. A, ¶11. Similar to other notice programs, the form and

manner of providing notice to the Class satisfy the requirements of due process, Rule 23, and the PSLRA, 15 U.S.C. §78u-4(a)(7).

Notice programs such as the one proposed by Lead Counsel have been approved as adequate under the Due Process Clause and Rule 23 in a multitude of class action settlements. *See, e.g.*, *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS), 2007 U.S. Dist. LEXIS 29062, at *41-*42 (E.D.N.Y. Apr. 19, 2007) (approving proposed notice program where notice mailed to shareholders of record listed on transfer records and to "more than 2500 of the largest banks, brokerages, and other nominees"); *In re Luxottica Grp. S.p.A., Sec. Litig.*, No. CV 01-3285 (JBW)(MDG), 2005 WL 3046686, at *2 (E.D.N.Y. Nov. 15, 2005) (approving notice program, consisting of mailing and summary notice publication in *The Wall Street Journal* and *The New York Times*); *In re Prudential Sec. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D.N.Y. 1996) (approving proposed notice and noting mailing of notice to each identifiable class member's last known address is "a procedure that has been given wide-spread approval in other class actions"), *aff'd sub nom. Toland v. Prudential Sec. P'ship Litig.*, 107 F.3d 3 (2d Cir. 1996).

Here, the parties propose disseminating notice by mail and through publication. By virtue of completing the process for disseminating the Notice and consulting with counsel for OneMain and its stock transfer agent, Lead Counsel will ensure that all reasonable avenues for obtaining the identity of Class Members are being utilized to disseminate the Notice by mail. Additionally, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.*, Defendants will provide notice of the Settlement to the appropriate state and federal officials. Therefore, it is reasonable to conclude that the Notice will reach the vast majority of Class Members, is adequate, and should be approved by the Court. Lead Counsel therefore respectfully submit that the Court should approve the form of notice.

- 17 -

**B.    The Proposed Form of Notice Comports with the Requirements of Due Process, the PSLRA, and Rule 23, and Is the Same or Similar to the Form(s) of Notice Routinely Approved by Courts in This Jurisdiction**

The Notice will advise Class Members of the essential terms of this Settlement and the Plan of Allocation and provide information regarding Lead Counsel's motion for attorneys' fees and expenses. The Notice also will provide specifics on the date, time, and place of the Settlement Hearing and set forth the procedures for objecting to the Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and expenses.

Similar to other notice programs, the form and manner of providing notice to the Class satisfy the requirements of due process, Rule 23, and the PSLRA, 15 U.S.C. §78u-4(a)(7). The content of a notice is generally found to be reasonable if "the average class member understands the terms of the proposed settlement and the options provided to class members thereunder." *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 0962 (RCC), 2006 WL 3498590, at *6 (S.D.N.Y. Dec. 4, 2006); *see also Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982) (the notice must "'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings'") (citation omitted).

With respect to cases filed under the PSLRA, the settlement notice must include: (1) the amount of the settlement proposed for distribution, determined in the aggregate and on an average per share basis; (2) if the parties do not agree on the average amount of damages per share recoverable in the event plaintiff prevailed, a statement from each party concerning the issue(s) on which the parties disagree; (3) a statement indicating which parties or counsel intend to apply for an award of fees and costs (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought; (4) the name, telephone

- 18 -

number, and address of one or more representatives of counsel for the class who will be reasonably

available to answer questions concerning any matter contained in the notice of settlement; (5) a brief

statement explaining the reasons why the parties are proposing the settlement; and (6) such other

information as may be required by the court. *See* 15 U.S.C. §78u-4(a)(7)(A)-(F).

The proposed Notice contains all of the information required by the PSLRA. *See* Notice

(Exhibit A-1 to the Stipulation). The information is also provided in a format that is accessible to the

reader. In addition, the Notice advises recipients that they have the right to object to any aspect of

the Settlement, the Plan of Allocation, or the fee and expense application. Furthermore, the Notice

provides recipients with the contact information for the Claims Administrator, Epiq Class Action and

Claims Solutions, and Lead Counsel. Finally, the proposed format is the same or similar to formats

that have been approved by this and many other courts in this jurisdiction, which also supports its

approval.

## V.   CERTIFICATION OF THE CLASS IS APPROPRIATE

Under the terms of the Stipulation, the Settling Parties have agreed, for the purposes of the

Settlement only, to the certification of the Class. The Class is defined as:

> All persons and entities who purchased or otherwise acquired OneMain common
> shares from February 25, 2016 to November 7, 2016, inclusive. Excluded from the
> Class are: Defendants, the officers and directors of OneMain at all relevant times,
> members of their immediate families, any entity in which any Defendant has a
> controlling interest, and the legal representatives, heirs, successors-in-interest or
> assigns of any such excluded party. Also excluded from the Class are any Persons
> who timely and validly request exclusion from the Class as ordered by the Court.

As explained below, Plaintiff satisfies the requirements of Federal Rule of Civil Procedure

23(a), (b)(3) and 23(e), and the Class should be certified for settlement purposes only. In addition,

Plaintiff should be appointed as the Class representative, and Lead Counsel should be appointed as

Class counsel.

- 19 -

First, given that OneMain had more than 134 million shares of common stock outstanding during the Class Period, the Class easily consists of more than 40 members and numerosity is satisfied. *See In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 84 (S.D.N.Y. 2007) (numerosity "'may be satisfied by a showing that a large number of shares were outstanding and traded during the relevant period'") (citation omitted).

Second, because the Class's claims arise from the same alleged misstatements and omissions and rely on the same theories of liability, questions of law and fact are common to the Class. *See Billhofer v. Flamel Techs., S.A.*, 281 F.R.D. 150, 156 (S.D.N.Y. 2012) ("[c]ommon questions of law and fact are present where, as here, the alleged fraud involves material misrepresentations and omissions in documents circulated to the investing public").

Third, Plaintiff's claims are typical of the Class's because they share the same factual and legal underpinnings. *See In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 281 F.R.D. 134, 139 (S.D.N.Y. 2012) ("[i]n a securities class action . . . the claims and nature of evidence 'are generally considered sufficient to satisfy the typicality requirement'") (citation omitted).

Fourth, Plaintiff is an adequate class representative because he has no interests "antagonistic to those of the proposed class, and there is no doubt that his counsel is "qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Plaintiff has "actively supervised and monitored the progress of this litigation, and will continue to actively participate in its prosecution." *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 100 (S.D.N.Y. 2015).

Additionally, the requirements of Rule 23(b)(3) are satisfied as common questions of law and fact predominate over individual ones and class treatment is superior to individual adjudications. Issues of materiality, loss causation and reliance all present common questions.

- 20 -

Accordingly, class certification is appropriate here for Settlement purposes.

## VI.    PROPOSED SCHEDULE OF SETTLEMENT EVENTS

If the Court grants preliminary approval of the proposed Settlement, the Settling Parties respectfully submit the following procedural schedule for the Court's review:

| Event | Time for Compliance |
|---|---|
| Deadline for commencing the mailing of the Notice and Proof of Claim to Class Members (the "Notice Date") | 10 business days after entry of the Preliminary Approval Order |
| Deadline for publishing the Summary Notice in *The Wall Street Journal* and over a national newswire service | 14 calendar days after the Notice Date |
| Posting and serving of memoranda in support of approval of the Settlement and Plan of Allocation, or in support of Lead Counsel's application for an award of attorneys' fees and expenses | 35 calendar days before the Settlement Hearing |
| Deadline for opting out or submitting objections | 21 calendar days before the Settlement Hearing |
| Deadline for filing Proofs of Claim | 90 calendar days after the Notice Date |
| Posting and filing of reply memoranda in further support of the Settlement and Plan of Allocation, or in support of Lead Counsel's application for an award of attorneys' fees and expenses | 7 calendar days before the Settlement Hearing |
| Settlement Hearing | At least 100 calendar days after entry of the Preliminary Approval Order, at the Court's convenience |

## VII.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter the Preliminary Approval Order in connection with the settlement proceedings, which will provide: (i) preliminary approval of the Settlement; (ii) approval of the proposed form and manner of providing notice to the

- 21 -

Class; (iii) certification of the Class for settlement purposes; and (iv) a hearing date and time to consider final approval of the Settlement and related matters.

Dated:  April 23, 2019                    Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          SAMUEL H. RUDMAN
                                          ROBERT M. ROTHMAN
                                          MICHAEL G. CAPECI

                                                    s/Robert M. Rothman
                                          _____
                                              ROBERT M. ROTHMAN

                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)
                                          srudman@rgrdlaw.com
                                          rrothman@rgrdlaw.com
                                          mcapeci@rgrdlaw.com

                                          HOLZER & HOLZER, LLC
                                          COREY D. HOLZER (*pro hac vice*)
                                          MARSHALL P. DEES (*pro hac vice*)
                                          1200 Ashwood Parkway, Suite 410
                                          Atlanta, GA 30338
                                          Telephone:  770/392-0090
                                          770/392-0029 (fax)
                                          cholzer@holzerlaw.com
                                          mdees@holzerlaw.com

                                          *Lead Counsel for Plaintiff*

- 22 -

<u>CERTIFICATE OF SERVICE</u>

I, Robert M. Rothman, hereby certify that on April 23, 2019, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

s/Robert M. Rothman
_____
ROBERT M. ROTHMAN
