UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

AFSHIN GALESTAN, Individually and on
Behalf of All Others Similarly Situated,

                         Plaintiff,

      vs.

ONEMAIN HOLDINGS, INC., JAY N.
LEVINE and SCOTT T. PARKER,

                      Defendants.

—————————————————————————— x

: Civil Action No. 1:17-cv-01016-VM
:
: CLASS ACTION
:
: STIPULATION AND AGREEMENT OF
: SETTLEMENT
:
:
:
:
:
:
:

This Stipulation and Agreement of Settlement dated as of April 22, 2019 (the "Stipulation" or the "Settlement"), is made and entered into by and among: (i) plaintiff Afshin Galestan ("Plaintiff"), by and through his counsel of record in the Litigation (as defined herein); and (ii) defendants OneMain Holdings, Inc. ("OneMain" or the "Company"), Jay N. Levine and Scott T. Parker ("Individual Defendants," and, with OneMain, "Defendants"), by and through their counsel of record in the Litigation.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.     THE LITIGATION

The initial complaint in this case, entitled *Galestan v. OneMain Holdings, Inc., et al.*, Civil Action No. 1:17-cv-01016-VM, was filed by Plaintiff in the United States District Court for the Southern District of New York (the "Court") on February 10, 2017.  After no OneMain shareholders other than Plaintiff moved to be appointed as lead plaintiff, on March 23, 2017, the Court appointed Plaintiff as lead plaintiff.

On June 13, 2017, the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") was filed alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934.  The named defendants in the Complaint are OneMain and the Individual Defendants.

Consistent with the Court's Individual Practices, after Plaintiff filed the Complaint, Defendants sent Plaintiff a letter on August 23, 2017, outlining their views on why the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff responded by letter on September 18, 2017, explaining that the Complaint stated actionable claims for each

statement challenged therein.   Defendants provided this correspondence to the Court on September 29, 2017, along with a letter setting forth Defendants' arguments in reply.

On December 12, 2018, the Court construed the letter briefing as Defendants' motion to dismiss, and denied Defendants' motion.   On January 3, 2019, Defendants submitted a letter to the Court seeking permission to move for reargument of the Court's motion to dismiss decision, solely with respect to certain statements made in February 2016.   On January 28, 2019, Defendants filed an answer to the Complaint and asserted defenses thereto.

In the course of the Litigation, the parties engaged the services of Jed D. Melnick, Esq., a nationally recognized mediator.   A mediation session with Mr. Melnick was held on March 20, 2019, which culminated with Plaintiff and Defendants agreeing to settle the Action for $9 million subject to the negotiation of the terms of this Stipulation and approval by the Court.

## II.    PLAINTIFF'S CLAIMS AND THE BENEFIT OF SETTLEMENT

Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims.   However, Plaintiff and his counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.   Plaintiff and his counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.   Plaintiff and his counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.   Plaintiff and his counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class.   Based on their evaluation, Plaintiff and his counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiff and the Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiff and the Class in the Litigation.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, among other allegations, the allegations that Plaintiff or the Class have suffered any damage, that the price of OneMain common shares was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Plaintiff or the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation.  Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (for himself and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation

shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

1.      **Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1      "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2      "Claims Administrator" means the firm of Epiq Class Action and Claims Solutions.

1.3      "Class" means all persons and entities who purchased or otherwise acquired OneMain common shares between February 25, 2016 and November 7, 2016, inclusive. Excluded from the Class are Defendants, the officers and directors of OneMain at all relevant times, members of their immediate families, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any Persons who timely and validly request exclusion from the Class as ordered by the Court.

1.4      "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5      "Class Period" means the period from February 25, 2016 to November 7, 2016, inclusive.

1.6      "Defendants" means OneMain and the Individual Defendants.

1.7      "Defendants' Counsel" means the law firm of Cleary Gottlieb Steen & Hamilton LLP.

1.8     "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

1.10     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Plaintiff's counsel's attorneys' fees and expenses, payments to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11     "Individual Defendants" means Jay N. Levine and Scott T. Parker.

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Robert M. Rothman, 58 South Service Road, Suite 200, Melville, New York 11747, and Holzer & Holzer, LLC, Corey D. Holzer, 1200 Ashwood Parkway, Suite 410, Atlanta, Georgia 30338.

1.14    "Litigation" or "Action" means the action captioned *Galestan v. OneMain Holdings, Inc., et al.*, Civil Action No. 1:17-cv-01016-VM (S.D.N.Y.).

1.15    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and interest and any award to Plaintiff, provided for herein or approved by the Court, and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.16    "OneMain" or "Company" means OneMain Holdings, Inc.

1.17    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18    "Plaintiff" means Afshin Galestan.

1.19    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.21    "Related Parties" means each of a Defendant's respective present, former, or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, underwriters, consultants, investment bankers, commercial bankers, joint ventures, insurers, and re-insurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, representatives, assigns, and assignees of each of them, in their capacity as such.

1.22    "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including Unknown Plaintiff's Claims as set forth below), that could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, based on, arising from or relating to:  (i) the purchase or acquisition of the common stock of OneMain between February 25, 2016 and November 7, 2016, inclusive; and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action.  Released Claims does not include claims to enforce the Settlement.

1.23    "Released Persons" means each and all of the Defendants and their Related Parties.

1.24    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every plaintiff, Class Member, Plaintiff, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties do not include any Person who timely and validly seeks exclusion from the Class.

1.25    "Settlement Amount" means Nine Million Dollars ($9,000,000.00) in cash to be paid by wire transfer or check sent by overnight mail to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.26    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.27    "Settling Parties" means, collectively, Defendants, Plaintiff, and the Class.

1.28    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.29    "Unknown Defendants' Claims" means claims referenced in ¶4.4 below which Defendants do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, the Class Members, and Plaintiff's counsel which, if known by him, her, or it, might

- 8 -

have affected his, her or its settlement with and release of Plaintiff, Class Members, and Plaintiff's counsel.  With respect to any and all such claims, the Settling Parties stipulate and agree that, upon the Effective Date, Defendants shall expressly waive the provisions, rights, and benefits of California Civil Code §1542, quoted above, as well as any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Defendants may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the claims referenced in ¶4.4 below, but Defendants shall expressly release any and all such claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

1.30   "Unknown Plaintiff's Claims" means any Released Claims which Plaintiff or the Releasing Plaintiff Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision with respect to this Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by operation of

- 9 -

the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil

Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiff shall expressly waive and each Releasing Plaintiff Party shall be deemed to have, and by

operation of the Judgment shall have, expressly waived any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States, or principle of

common law, which is similar, comparable or equivalent to California Civil Code §1542.

Plaintiff and the Releasing Plaintiff Parties acknowledge that they may hereafter discover facts in

addition to or different from those which he, she or it now knows or believes to be true with

respect to the subject matter of the Released Claims, but Plaintiff shall expressly waive,

compromise, discharge, extinguish, settle and release and each Releasing Plaintiff Party, upon

the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever waived, compromised, discharged, extinguished, settled and released any and

all Released Claims, known or unknown, suspected or unsuspected, contingent or non-

contingent, whether or not concealed or hidden, which now exist, or heretofore have existed,

upon any theory of law or equity now existing or coming into existence in the future, including,

but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of

any duty, law or rule, without regard to the subsequent discovery or existence of such different or

additional facts.  Plaintiff acknowledges, and the Releasing Plaintiff Parties shall be deemed by

operation of the Judgment to have acknowledged, that the foregoing waiver was separately

bargained for and a key element of the Settlement of which this release is a part.

- 10 -

1545725_5

2.      **The Settlement**

a.      **The Settlement Amount**

2.1      OneMain and/or OneMain's insurers, on behalf of all Defendants, shall pay or cause to be paid the Settlement Amount by wire transfer or check sent by overnight mail in accordance with instructions to be provided by the Escrow Agent within fourteen (14) calendar days of the entry of an order granting preliminary settlement approval.  Alternatively, if the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the Settlement but only if (i) Lead Counsel have notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within three (3) calendar days after Lead Counsel have provided such written notice.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.  No other Defendant shall be responsible for the Settlement Amount.

2.2      The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Released Claims.  The Settlement Amount paid by OneMain and/or its insurers on behalf of the Defendants is the sole monetary responsibility of the Released Persons under this Stipulation, and Releasing Plaintiff Parties who do not timely seek to exclude themselves from the Class shall not look to any of the Defendants or their respective Related Parties for satisfaction of any and all Released Claims.  The Released Persons are not responsible for payment of Notice and Administration Expenses as defined below, or any out-of-pocket expenses, other than out of the Settlement Amount, as provided herein.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their

respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

         **b.**      **The Escrow Agent**

2.3      The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for the actions of the Escrow Agent. The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4      Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are

consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.  The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for any transaction executed by the Escrow Agent.

2.5    The Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

2.6    It shall be Lead Counsel's sole responsibility to disseminate the Notice (as defined below) and summary notice to the Class in accordance with this Stipulation and as ordered by the Court.  Defendants shall not bear any cost or responsibility for class notice, administration, or the allocation of the Net Settlement Fund among Authorized Claimants.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.  The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for any Notice and Administration Expenses.

### c.    Taxes

2.7    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg.

§1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax

- 14 -

Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d.   Termination of Settlement

2.8   In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3.   Preliminary Approval Order and Settlement Hearing

3.1   Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the

1545725_5

"Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.  Upon exhaustion of the Settlement Fund, the Claims Administrator shall within five (5) business days thereafter take down, deactivate or otherwise delete any website or domain established for purposes of publicizing or administering the Settlement.

3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and Plaintiff's request for an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class.

**4.     Releases**

4.1     Upon the Effective Date, Plaintiff shall, and each of the Releasing Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against the Released Persons, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and

Release or shares in the Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, all Releasing Plaintiff Parties, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Class Members, and Plaintiff's counsel from all claims and causes of action of every nature and description (including Unknown Defendants' Claims), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.  Notwithstanding the foregoing, nothing in this Stipulation or its Exhibits shall be construed as limiting, modifying or otherwise affecting any insurance coverage or policies that may be available to any of the Released Persons.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims

- 17 -

submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)     to pay attorneys' fees and expenses of counsel for the Plaintiff (the "Fee and Expense Award"), and to pay Plaintiff an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified therein.  Any Person who files a Proof of Claim and Release shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.

5.5     All Members of the Class (except Persons who request exclusion) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but

- 18 -

not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

5.6     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible and in any event no later than fourteen (14) calendar days prior to the Settlement Hearing.

5.7     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release or a request for exclusion within the applicable period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Persons concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among

Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the New York Bar Foundation.

5.9     The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.   No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.11 hereof; and the Releasing Plaintiff Parties, Plaintiff, and Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.10    No Person shall have any claim against Plaintiff, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the

Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein.

**6.     Plaintiff's Counsel's Attorneys' Fees and Expenses**

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel, if any, in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then (a) Lead Counsel with respect to the entire Fee and Expense Award, and (b) such of plaintiffs' counsel who have received any portion of the Fee and Expense Award shall within five (5) business days from receiving notice from the Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned

- 21 -

on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination.  Any refunds required pursuant to this paragraph shall be the several obligation of Lead Counsel, including their partners and/or shareholders, and Plaintiff that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     Plaintiff may submit an application for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class.  However, in the event that the Effective Date does not occur, or the Judgment or the order approving Plaintiff's application for an award pursuant to 15 U.S.C. §78u-4(a)(4) is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, then Plaintiff shall within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amounts for time and expenses previously paid to it from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

6.5     The procedure for and the allowance or disallowance by the Court of any applications by any plaintiffs' counsel for attorneys' fees and expenses, or an award to Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and shall have no

- 22 -

effect on the terms of the Stipulation or on the validity or enforceability of the Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiff or Lead Counsel, or any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or Plaintiff's application for an award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

6.6     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to plaintiffs' counsel or to Plaintiff.

6.7     Defendants and their Related Parties shall have no responsibility for the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been deposited into the Escrow Account;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof, substantially in the form set forth in Exhibit A attached hereto;

(c)     the Court has granted final approval to the Settlement as described herein, following notice to the Class and a hearing, as required by Rule 23 of the Federal Rules of Civil

- 23 -

Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)      OneMain has not exercised its option to terminate the Stipulation pursuant to ¶7.3 hereof; and

(e)      the Judgment has become Final, as defined in ¶1.10 hereof.

7.2      Upon the Effective Date, any and all remaining interest or right of the Defendants and/or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3      OneMain shall have the option to terminate the Settlement in the event that Class Members representing more than a certain percentage of OneMain common shares subject to this Settlement exclude themselves from the Class in accordance with the Notice, as set forth in a confidential separate agreement (the "Supplemental Agreement") to be executed between Plaintiff and Defendants, by and through their counsel, concurrently with this agreement.  The terms of the Supplemental Agreement shall not be disclosed in any other manner other than the statements herein and in the Notice, or as otherwise provided in the Supplemental Agreement unless and until the Court otherwise directs or a dispute arises between Plaintiff and Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the parties will undertake to have the Court review the Supplemental Agreement *in camera* without filing it on

- 24 -

the docket.  If the Court requires that the Supplemental Agreement be filed, the parties shall request that it be filed under seal or with the percentage redacted.

7.4     Each of Plaintiff and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order substantially in the form set forth in Exhibit A attached hereto; (b) the Court's refusal to approve this Stipulation; (c) the Court's refusal to enter the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (e) the failure of the Effective Date to occur for any reason. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or any amount awarded to Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.5 and 2.7 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.5 and 2.7 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after

deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel.

7.6    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of March 20, 2019.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.30, 2.5-2.8, 6.3-6.4, 7.4-7.6, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of plaintiffs' counsel or award to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.7    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor any of his counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.5 or 2.7.  In addition, any expenses already incurred pursuant to ¶¶2.5 or 2.7 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.5 hereof.

7.8    In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of Defendants to be a voidable preference, voidable transfer, fraudulent transfer, or

- 26 -

similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any Defendant, then, at the election of Plaintiff, as to Defendants, the Settlement may be terminated and the Judgment entered in favor of Defendants pursuant to the Settlement shall be null and void and the Settlement Fund shall be promptly returned.  Alternatively, at the election of Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the Defendants and that the Defendants and Plaintiff and the Members of the Class shall be restored to their litigation positions as of March 20, 2019, and the Settlement Fund shall be promptly returned.

### 8.     No Admission of Wrongdoing

8.1     The Settling Parties agree that the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any communication relating thereto, is evidence, or an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

8.2     Throughout the course of the Action, the Defendants have denied and continue to deny liability and maintain that they have meritorious defenses.  Nonetheless, Defendants have

determined that it is desirable that the Action fully and finally be settled in the manner and upon the terms and conditions set forth in this Stipulation in order to avoid the cost and burden of litigation.

8.3     Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Plaintiff and the Class;

(c) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way

- 28 -

referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d) shall be construed against Defendants, Plaintiff, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

8.4    The Defendants and/or their respective Related Parties may file this Stipulation and/or Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory or claim preclusion or issue preclusion or similar defense or counterclaim.

**9.    Miscellaneous Provisions**

9.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of

- 29 -

Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Plaintiff and his counsel and the Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement embodied in this Stipulation constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

9.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached thereto, the terms of this Stipulation shall prevail.

1545725_5

9.7     Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act and will identify those who will receive notice as provided for therein.  Defendants shall be responsible for mailing such notice within the time provided for in 28 U.S.C. §1715(b) and for all expenses and costs related thereto.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.10     The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein or in a separate written agreement, each party shall bear its own costs.

9.11     Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.12     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.13     The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete

1545725_5

set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.14    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.  Any such actions, motions, or disputes arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in this Court.

9.16    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.17    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.  This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between all parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

1545725_5

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

Dated:  April 23, 2019

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
MICHAEL G. CAPECI


_____
          ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com
mcapeci@rgrdlaw.com

HOLZER & HOLZER, LLC
COREY D. HOLZER (*pro hac vice*)
MARSHALL P. DEES (*pro hac vice*)
1200 Ashwood Parkway, Suite 410
Atlanta, GA 30338
Telephone:  770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Lead Counsel for Plaintiff*

Dated:  April 23, 2019

CLEARY GOTTLIEB STEEN
  & HAMILTON LLP
MEREDITH KOTLER
JARED GERBER
VANESSA RICHARDSON


_____
          JARED GERBER

- 33 -

One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
212/225-3999 (fax)
mkotler@cgsh.com
jgerber@cgsh.com
vrichardson@cgsh.com

*Attorneys for Defendants OneMain Holdings, Inc.,*
*Jay N. Levine and Scott T. Parker*

<u>CERTIFICATE OF SERVICE</u>

I, Robert M. Rothman, hereby certify that on April 23, 2019, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

s/Robert M. Rothman
_____
ROBERT M. ROTHMAN
